**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM TANGI, Petitioner, v. TIM OCHOA (Warden), Respondent. | No. EDCV 11-206 JFW (CW) ORDER SUMMARILY DISMISSING PETITION |

The present Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) was filed on February 2, 2011. Although the Petition purports to raise five grounds for federal habeas relief, they are fairly construed as a single claim challenging the merits of a decision by the California Board of Parole Hearings on August 11, 2009, finding Petitioner unsuitable for parole. [See Petition at 5-6 and Attachment.]

**DISCUSSION**

The court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is

not entitled thereto." 28 U.S.C. § 2243; see also Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, Rule 4 (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rules, C.D. Cal., L.R. 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge if petitioner plainly not entitled to relief).

Summary dismissal is appropriate in this case because the Supreme Court's decision in Swarthout v. Cooke, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011), precludes habeas relief for Petitioner's claim. In Swarthout, the Supreme Court recognized that board of parole decisions are reviewed by California state courts under a standard of "whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous." Swarthout, 2011 WL 197627, at *1 (quoting In re Lawrence, 44 Cal. 4th 1181, 1191, 82 Cal. Rptr. 3d 169 (2008)) (additional citation omitted). The Court also acknowledged as reasonable the Ninth Circuit holding that California law governing parole creates a cognizable liberty interest for purposes of analysis under the federal Due Process Clause. Id. at *2 (citing Cooke v. Solis, 606 F.3d 1206, 1213 (2010)). However, the Court emphasized that any such interest is "a state interest created by California law"; there is no corresponding substantive right under the United States Constitution to conditional release before expiration of a valid sentence. Id. at *2 (citation omitted); see also id. at *3 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement").

Therefore, regardless of the standard for judicial review applied by California state courts, the proper scope of federal habeas review

in the context of a parole decision concerns only the constitutional question of whether fair and adequate procedures were employed for protection of the prisoner's state-created liberty interest. Id. at *2 ("When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures.")[1]; see also id. at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly."). Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. Id. ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); Engle v. Isaac, 456 U.S. 107, 121 n. 21, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

It follows that, in this case, Petitioner may not properly seek habeas review on the grounds asserted in his claim, which essentially challenges the quantum of evidence supporting the Board's 2009 decision denying him parole. Beyond that substantive challenge, Petitioner does not allege in his Petition that any procedural

---

[1] The Court in Swarthout reaffirmed that "[i]n the context of a decision regarding parole release, we have held that the procedures required [by the Constitution] are minimal." 2011 WL 197627 at *3 (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)(adequate process consisted of an opportunity to be heard and a statement of reasons for parole denial).

component of his parole hearing violated due process; to the contrary, the record affirmatively shows that Petitioner testified at length, presented beneficial evidence, and received a written statement of reasons for the Board's decision. [Attachments to Petition.] Because the procedures followed by the Board were constitutionally sufficient, there is no basis for federal habeas relief. Swarthout, 2011 WL 197627, at *3; Greenholtz, 442 U.S. at 16. The Petition is therefore subject to summary dismissal.

**ORDER**

**IT IS THEREFORE ORDERED** that judgment be entered dismissing the present Petition.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on Petitioner.

DATE: 2/7/11

JOHN F. WALTER
United States District Judge

Presented by:

Dated: February 7, 2011

CARLA M. WOEHRLE
United States Magistrate Judge